# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARIO K. WOOD,

                    Petitioner,

v.

DAISY CHASE,

                    Respondent.

Case No. 26-CV-209-JPS

**ORDER**

On February 6, 2026, Petitioner Mario K. Wood ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and paid the filing fee. Thereafter, he filed a supplement to the petition. ECF No. 7. The Court now screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 1.    FACTUAL BACKGROUND

Petitioner seeks federal habeas relief in relation to a judgment of conviction in Milwaukee County Case No. Case No. 2016CF001720 for attempted first-degree intentional homicide as a party to a crime. ECF No. 1 at 2. The petition lists a single ground for relief that trial counsel provided ineffective assistance of counsel based on failing to preserve a defense and failing to explain the tradeoff between the right to a speedy trial and the necessity of time to investigate. *Id.* at 6–7. Petitioner later filed a supplement to the petition to add three additional grounds for relief, adding that he was constructively denied counsel based on counsel's performance, that his plea was not voluntary, and that any procedurally defaulted or non-exhausted claims should be excused due to the ineffectiveness of post-conviction counsel. ECF No. 7 at 2. The Court will not elaborate further on the factual

background, however, because as described below, there are numerous deficiencies in the petition and supplement that require amendment.

**2.      ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Based on the Court's review of the petition, it appears that Petitioner's claims suffer from numerous deficiencies. Habeas Rule 2(c) requires that a petition "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Supreme Court has observed that this requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* (emphasis added).

If Petitioner seeks to bring multiple claims for the ineffective assistance of counsel, he is instructed to list each claim as a separate ground and explain the factual basis for each claim. Petitioner is reminded that the Court may not address grounds raised in a habeas petition "unless the state

courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Each ground of an ineffective assistance claim is considered separate, and "the failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default." *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007).

Here, Petitioner alleges that his conviction violated several constitutional provisions, but his supplement fails to clearly lay out the grounds for relief. It is unclear to the Court what distinction Petitioner makes between Ground One in the petition and Ground Two in the supplement. Also, the supplement to the petition contains no information about whether Petitioner has exhausted state-court remedies with respect to the additional claims and it is not signed under penalty of perjury. The petition and supplement together therefore do not comply with the Habeas Rules.

The Court will provide Petitioner an opportunity to amend his petition in order to address the deficiencies identified in this Order. Petitioner may submit an amended petition on or before **July 7, 2026**. In order to survive screening, the amended petition must demonstrate that the state courts had the opportunity to consider the merits of all the claims presented in his petition and must identity the grounds for relief with particularity. The Court will provide Petitioner with a blank petition form in order to aid him in providing the requested information.

Finally, the Court will deny Petitioner's motion to appoint counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before the court appoints counsel, however, it must determine whether the appointment would serve "the interests of justice" and whether the petitioner is "financially eligible." *See* 18 U.S.C.

§ 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). In determining whether the interests of justice will be served by appointing counsel, the Court considers the difficulty of the case and the petitioner's ability. It is significant that in most habeas cases, the issues raised in federal court have been raised and fully considered in state court. See 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court.

Here, the Court is not convinced that the immediate appointment of counsel would serve the interests of justice. At this early stage, the record does not indicate that Petitioner can obtain justice only if counsel represents him. As such, the Court will deny his motion to appoint counsel without prejudice. This means that Petitioner may file another motion to appoint counsel if the case moves past the screening stage and later circumstances indicate that the appointment of counsel may be warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to appoint counsel, ECF No. 2, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that that the Clerk of Court provide Petitioner with a blank petition form; and

**IT IS FURTHER ORDERED** that on or before **July 7, 2026**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order. Failure to do so may result in dismissal of his action for failure to prosecute. *See* Civ. L.R. 41(c).

Case 2:26-cv-00209-JPS    Filed 06/15/26    Page 4 of 5    Document 8

Dated at Milwaukee, Wisconsin, this 15th day of June, 2026.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge